■ In the Matter of NEW YORK FOUNDATION FOR SENIOR CITIZENS, GUARDIAN SERVICES, INC., Respondent, as the Guardian of the Personal Needs and Property Management of RONALD SCHOON, an Incapacitated Person, Appellant. [787 NYS2d 288]—

Order, Supreme Court, New York County (Phyllis Gangel-Jacob, J.), entered September 12, 2003, which, in a proceeding under Mental Hygiene Law article 81, granted the guardian's motion to be discharged to the extent of relieving it of most of its responsibilities, unanimously affirmed, without costs.

The Supreme Court appointed the New York Foundation for Senior Citizens the guardian in March 2003 with the usual powers over the incapacitated individual's person and property, including the power to defend him in a pending eviction proceeding alleging that the police had found drugs, weapons and live ammunition in his apartment. In June 2003, based upon allegations that the incapacitated person had threatened to kill the guardian's caseworkers with guns he keeps in his apartment, the court had the incapacitated person brought before it, and, after a hearing, referred him to a psychiatric hospital for evaluation (Mental Hygiene Law § 9.43). Several days later, the hospital found the incapacitated person not dangerous to himself or others, and it released him. In August, the guardian made the instant motion to be discharged, alleging, inter alia, that the incapacitated person had threatened to shoot and kill one of its caseworkers. Based on that allegation, the prior proceedings herein and its recollection of the incapacitated person on the prior occasions he had appeared in court, the court found that while he remains in need of a guardian, "his hostile, threatening and perhaps dangerous personality makes it unwise and perhaps impossible for any guardian to safely render services." Thereupon, the court limited the guardian's responsibilities to responding to written requests personally made by the incapacitated person, being present at any eviction of the incapacitated person and reporting to the court with respect thereto, assisting in finding shelter for the incapacitated person if requested, inquiring of the Veterans Administration concerning any guardianship services it might be able to provide, and nominating a substitute guardian or suggesting a substitute "plan of action in this unusual and troubling case." The Mental Hygiene Legal Service appeals, arguing that under Mental Hygiene Law § 81.36, the court lacked authority to restore powers to the incapacitated person without holding a hearing and without a finding that he had regained the capacity to exercise them, and that the guardian's safety is not a ground for modifying its responsibilities. We reject this argument, and hold that the guardian's safety is a ground for modifying its responsibilities. No hearing was necessary given a record sufficient to show that respondent's resistance to the guardianship

was such as to make the provision of services impossible. Concur—Mazzarelli, J.P., Ellerin, Nardelli, Marlow and Catterson, JJ.